IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
CIVIL ACTION

| | | |
|---|---|---|
| JORGE MARTINEZ and SUSIE JUAREZ, h/w | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| BMC EAST, LLC | : | |
| and | : | CASE NO. |
| BMC STOCK HOLDINGS, INC. | : | |
| and | : | *Jury Trial Demanded* |
| SHONE LUMBER | : | |

## COMPLAINT

AND NOW, come Plaintiffs, by and through their attorney, Tyler Sacchetta, Esquire, and aver as follows:

1.    Federal jurisdiction in this matter is asserted pursuant to 28 U.S.C. §1332. Venue is properly laid within the United States District Court for the District of Delaware pursuant to 28 U.S.C. §1391(b).

### PARTIES

2.    Plaintiff Jorge Martinez is an adult individual and a citizen of the Commonwealth of Pennsylvania residing at 380 Clay Creek Road, Avondale, PA 19311.

3.    Plaintiff Susie Juarez is an adult individual and a citizen of the Commonwealth of Pennsylvania residing at 380 Clay Creek Road, Avondale, PA 19311 and is the wife of plaintiff, Jorge Martinez.

4.      Defendant, BMC East, LLC, is a business corporation incorporated in the state of North Carolina with its principal place of business at 8020 Arco Corporate Drive, Suite 400, Raleigh, NC 27617.

5.      Defendant, BMC Stock Holdings, Inc., is a business corporation incorporated in the state of North Carolina with its principal place of business at 8020 Arco Corporate Drive, Suite 400, Raleigh, NC 27617.

6.      Defendant, Shone Lumber, is a business corporation incorporated in the state of North Carolina with its principal place of business at 8020 Arco Corporate Drive, Suite 400, Raleigh, NC 27617.

**FACTS**

7.      At all relevant times hereto, defendants were in the exclusive possession, management and control of Shone Lumber located at 634 Stanton Christiana Road, Newark, DE 19713.

8.      At all relevant times hereto, defendants were responsible for the maintenance of Shone Lumber located at 634 Stanton Christiana Road, Newark, DE 19713.

9.      On or about February 8, 2019, plaintiff Martinez was lawfully on the aforesaid premises as a business invitee, when, due to the negligence of the defendants, their agents and/or employees, he was caused to suffer significant injury as a result of a defective condition of the premises, i.e. improperly maintained shelving, improper storage of products and/or negligent actions of employees which caused plaintiff to be struck in the head and caused an unreasonably dangerous condition to exist.

10.      At all times relevant hereto, defendants acted through their agents, servants, workmen and/or employees.

2

11.     As a result of defendants' negligence, plaintiff Martinez sustained severe personal injuries and other damages as more fully set forth below.

**Count I - Negligence**
**Plaintiff, Jorge Martinez v. All Defendants**

12.     Plaintiffs incorporate herein all preceding paragraphs of this Complaint as though fully set forth at length.

13.     The accident was caused exclusively and solely by defendants' negligence, in that:

a.     Defendants caused or permitted a dangerous condition to exist;

b.     Defendants failed to make a reasonable inspection of the premises, which would have revealed the dangerous condition created by defendants;

c.     Defendants failed to give warning of the dangerous condition created and failed to erect barricades or to take any other safety precautions to prevent injury to plaintiff;

d.     Defendants failed to remove the defective condition;

e.     Defendants failed to exercise reasonable prudence and due care to keep the premises in a safe condition for plaintiff and other similarly invited patrons;

f.     Defendants failed to enact, maintain and enforce policies and procedures directed at defective conditions such as the one at issue;

g.     Defendants failed to train or adequately train and supervise their employees;

h.     Defendants violated local and state ordinances pertaining to the maintenance of retail establishments; and

i.     Defendants were otherwise negligent under the circumstances.

14.     At all relevant times hereto, defendants acted through their employees, servants, workmen and agents.

3

15.     Defendants, through their employees, servants and agents, either had actual notice of the unsafe and dangerous condition of the premises and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that defendants, in the exercise of due care, could and should have known of the unsafe and dangerous condition.

16.     Defendants were in a better position and more likely to know about and discover this unreasonably dangerous condition with the exercise of due care then plaintiff.

17.     Plaintiff's injuries were caused by the negligence of defendants, their agents, and/or employees, who failed to use reasonable care to protect plaintiff and his injuries were in no way caused by plaintiff.

18.     As a result of the aforesaid fall, plaintiff suffered severe injuries, which include, but are not limited to, traumatic brain injury, brain damage, head and neck injury, concussion with post-concussive syndrome, scalp/head laceration, scarring and disfigurement.

19.     As a direct result of the aforesaid injuries, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

20.     As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

21.     As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

22.     As a result of his injuries, plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures.

23.     As a result of his injuries, plaintiff has incurred unreimbursed wage losses.

24.     As a result of his injuries, plaintiff has incurred and will in the future incur medical expenses and income loss.

25.     As a direct result of the injury, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from so doing in the future, as his injuries seem to be permanent in nature.

### Count II - Loss of Consortium
### Plaintiff, Susie Juarez v. All Defendants

26.     Plaintiffs incorporate herein all preceding paragraphs of this Complaint as though fully set forth at length.

27.     As a result of the aforementioned injuries sustained by her husband, Jorge Martinez, plaintiff, Susie Juarez, has been and may in the future be deprived of the care, companionship, consortium, and society of her husband, all of which will be to her great detriment, and claim is made therefor.

WHEREFORE, plaintiffs demand judgment against defendants in an amount in excess of $150,000.00 plus interest and costs.

TYLER SACCHETTA, ESQUIRE
Attorney I.D. No. 6514
SACCHETTA & BALDINO
1201 N. Orange Street, Suite 7543
Wilmington, DE 19801-1186
(302) 884-6715
Attorney for Plaintiffs

5